United States District Court
Southern District of Texas
**ENTERED**
June 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ITHAKI GAS SHIPPING COMPANY, ELETSON CORPORATION, ELETSON HOLDINGS, INC, ELETSON GAS LLC, <br><br>  Plaintiffs, <br><br> v. <br><br> M/V ITHACKI (IMO 9788966), her engines, tackle, equipment, and appurtenances, *in rem*, <br><br> and <br><br> FAMILY UNITY TRUST COMPANY, GLAFKOS TRUST COMPANY, LASSIA INVESTMENT COMPANY, ELAFONISSOS SHIPPING CORPORATION, KEROS SHIPPING CORPORATION, LASKARINA KARASTAMATI, VASSILIS E. KERTSIKOFF, VASILEIOS CHATZIELEFTHERIADIS, KONSTANTINOS CHATZIELEFTHERIADIS, IOANNIS ZILAKOS, ELENI KARASTAMATI, PANAGIOTIS KONSTANTARAS, EMMANOUIL ANDREOULAKIS, ELENI VANDOROU, *in personam,* <br><br>  Defendants. | Case No. 6:25-cv-00016 <br><br> In Admiralty, Rule 9(h) |

### ORDER RELEASING M/V ITHACKI PURSUANT TO
### PLAINTIFFS' PROPOSED CONDITIONS OF RELEASE

This cause is before the Court in the above titled and numbered action on Plaintiffs Ithaki

Gas Shipping Company ("Ithaki Gas"), Eletson Holdings, Inc. ("Eletson Holdings"), Eletson

Corporation ("Eletson Corp") and Eletson Gas LLC's ("Eletson Gas") ("Plaintiffs") Motion to

Release the Vessel Pursuant to Rule E(5)(d) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules") filed herein (Doc. No. 27) (the "Motion"), as well as the entire record herein.  This case has been referred to the undersigned magistrate judge for pretrial case management and recommendations on dispositive matters.  *See* 28 U.S.C. § 636.

WHEREAS, on March 6, 2025, Plaintiffs commenced this action pursuant to Rule D of the Supplemental Rules seeking the arrest of the M/V ITHACKI (IMO 9788966) (the "Vessel") under seal (6:25-mc-00003) (Doc. Nos. 1-3); and

WHEREAS, on March 6, 2025, this Court issued an order directing the issuance of a warrant of arrest for the Vessel (Doc. No. 5); and

WHEREAS, on March 6, 2025, the Vessel was arrested in this district (Doc. No. 15); and

WHEREAS, a claimant purported to make a limited appearance as Ithaki Gas Shipping Company, stating therein that it was acting "on the authority of its lawful directors" (Doc. No. 24) and stating elsewhere that it was "acting under the ultimate authority of the Cypriot Nominees" which were elsewhere said to be Fentalon Limited, Desimusco Trading Limited, and Apargo Limited (Doc. No. 29) (hereinafter, and without prejudice to disputed matters, the "Claimant"); and

WHEREAS, on April 4, 2025, Plaintiffs filed a Motion to Release the Vessel Pursuant to Supplemental Rule E(5)(d) (Doc. No. 27); and

WHEREAS, on April 25, 2025, Claimant filed a Motion to Vacate the Arrest of the Vessel (Doc. No. 29); and

WHEREAS, on April 25, 2025, Claimant filed its Response to the Motion to Release the Vessel (Doc. No. 30); and

WHEREAS, on May 2, 2025, Plaintiffs filed its Reply to Response to Motion to Release the Vessel (Doc. No. 31); and

WHEREAS, on May 16, 2025, Plaintiffs filed its Response in Opposition to Motion to Vacate the Arrest (Doc. No. 32);

WHEREAS on May 23, 2025, Claimant filed its Reply to Response in Opposition to Motion to Vacate Arrest (Doc. No. 35);

WHEREAS, on May 30, 2025, this Court issued an Order denying without prejudice Claimant's Motion to Vacate the Arrest and instructing the parties to confer and submit a joint proposed order for the release of the Vessel, or if agreement is not possible, a joint proposed order that outlines the points of disagreement (Doc. No. 36);

WHEREAS, on June 6, 2025, the parties filed a joint proposed order outlining the points of disagreement with respect to an order for the release of the Vessel (Doc. No. 38);

WHEREAS on June 6, 2025, Plaintiff also filed a Supplemental Brief Regarding Terms of Proposed Order explaining the need for additional terms not previously included in a similar proposed order filed in the related Kithira Proceeding (Doc. No. 39);

WHEREAS on June 11, 2025, the Court issued an Order adopting Plaintiffs' position as to the terms for the release of the Vessel and ordering Plaintiffs to file a proposed order for the release of the Vessel and further granting leave to the parties to submit supplemental briefing with their recommendations as to an adequate security for the release of the Vessel (Doc. No. 42); and

WHEREAS, on June 18, 2025, Plaintiffs filed the said Proposed Order and supplemental briefing (Doc. Nos. 46, 47) and Claimant filed supplemental briefing (Doc. No. 45);

IT IS THEREFORE ORDERED that the Motion (Doc. No. 27) is GRANTED and, upon Plaintiffs electronically filing in this Action a notice containing the statement described in Section 20 hereof, M/V ITHACKI (IMO 9788966) (the "Vessel") shall be permitted to leave the territory of the Southern District of Texas, strictly on the terms and conditions below:

    1. The Vessel is, shall remain, and shall be deemed to remain continuously under arrest until further order of this Court lifting such arrest. All existing obligations and orders relating to the Vessel and its arrest shall remain in full force and effect. The Vessel shall be deemed for all purposes whatsoever to remain under arrest, and no party may subsequently argue that the Vessel did not so remain. This Court shall retain *in rem* jurisdiction over the Vessel, as well as jurisdiction with respect to all matters arising from or related to this Order and its implementation, including, among other things, jurisdiction to:

        a. decide or resolve any motions, contested or litigated matters, and any other matters and grant or deny any applications arising out of this Order;

        b. enter such further orders as may be necessary or appropriate to implement the provisions of this Order;

        c. resolve any cases, controversies, or disputes that may arise in connection with the implementation, interpretation, or enforcement of this Order or any person's rights arising from or obligations incurred in connection with this Order;

        d. issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any person with implementation or enforcement of this Order;

        e. modify this Order in such manner as may be necessary or appropriate to implement this Order.

2. Plaintiffs, in conjunction with National Maritime Services, Inc, and until the filing of the document referred to in Section 20 below, shall work to coordinate the repatriation process for the Vessel's current crew, including negotiations, payments, and logistics, to be reasonably synchronized with inbound replacement crew members. Plaintiffs may make direct payments to any persons to assist with the implementation of the foregoing. National Maritime Services, Inc. shall continue to work on obtaining visas and other related immigration matters for the repatriation of the Vessel's current crew.

3. Columbia Ship Management or any entity affiliated therewith ("Columbia") shall be appointed the independent technical manager of the Vessel, having all rights and duties attendant to such role and entitled to take any actions reasonably necessary for the execution of its rights and duties, whether through sub-contractors, agents or in its own name (which shall include rights, duties and actions under any technical management agreement entered with Columbia in consequence of this Order). Without limitation of the foregoing, Claimant and all of its Related Persons (defined below) shall provide all cooperation and assistance in good faith for Columbia to be inscribed into the Vessel's Document of Compliance ("DOC") and for Columbia to be able to carry out the above rights, duties and actions under the authority of such DOC until further order of the Court. Without limitation of the foregoing, Claimant and its Related Persons (defined below) shall provide copies of any documents evidencing any type of insurance related to the Vessel, and Columbia shall be permitted, to the extent it deems appropriate, to direct insurers to update the names of assureds.

4. At its election, Claimant shall be entitled to appoint up to three observers (to the extent that the Vessel has sufficient accommodations, net of crew berthing). The observer(s) may accompany the Vessel at Claimant's risk and see that the voyages are performed in

accordance with this Court's orders, but may not interfere with the Vessel's operations. The observer(s) and each of Vassilis Kertsikoff, Laskarina Karastamati, and Vassilis Hadjieleftheriadis are required to sign a standard letter of waiver and indemnity recommended by the Vessel's Protection and Indemnity Association before the observer(s) may board the Vessel. The observer(s) are entitled to reasonable and appropriate compensation from the hire / freight earned by the Vessel and, in the event such funds are insufficient, by the Plaintiffs.

5. In the event that Claimant, acting reasonably and in good faith through the observer(s), has objections to the Vessel's condition, maintenance and safety, and such objections are not resolved by Columbia within 24 hours after being notified by Claimant to Columbia in writing, Claimant shall be entitled to raise such objections with this Court by motion.

6. BW Epic Kosan or any entity affiliated therewith ("BW Epic Kosan") is and shall be appointed the independent commercial and financial manager of the Vessel, having all rights and duties attendant to such role and entitled to take any actions reasonably necessary for the execution of its rights and duties, whether through sub-contractors, agents or in its own name (which shall include rights, duties and actions under any commercial and financial management agreement entered with BW Epic Kosan in consequence of this Order). Without limitation of the foregoing, BW Epic Kosan shall be entitled to seek and obtain commercial employment for the Vessel, collect hire and freight generated in the course of such employment, pay the Vessel's hire under the relevant charterparty, with Camarada Uno S.A., the Vessel's expenses, and make any other payments reasonably necessary for the Vessel's operation and employment.

7. Prior to entry into effect of any charter party for employment of the Vessel, BW Epic Kosan shall disclose to Claimant the proposed terms of any such charter party, subject to any

applicable confidentiality restrictions. In the event that Claimant acting reasonably and in good faith has objections to any such terms, and such objections are not resolved by BW Epic Kosan within 24 hours after being notified by Claimant to BW Epic Kosan in writing, Claimant shall be entitled to raise such objections with this Court by motion. Such objections shall not affect the validity of the relevant contracts.

    8. BW Epic Kosan shall pay any sums generated from the Vessel's employment remaining after the payments in section 6 above into an interest-bearing bank account in this district, which it shall hold pending further order of the Court.

    9. National Maritime Services, Inc. shall provide access to the Vessel to any new crew and new managers.

    10. Should the Vessel fail to return to the territory of the Southern District of Texas upon the order of this Court, Adam Spears undertakes to submit to the jurisdiction of this Court for the purposes of any proceedings for sanctions or contempt arising out of such failure.

    11. Claimant, the Vessel's Master and crew, as well as any Related Parties of Claimant (as defined below herein) shall provide all cooperation and assistance in good faith to Columbia and BW Epic Kosan in the exercise of their rights and duties as technical and commercial & financial managers of the Vessel and in order to implement this order. Without limitation to the foregoing, this includes providing access or handing over any documents, files, and information that is necessary for the exercise of such rights and duties, subject to any confidentiality terms as may be agreed with Columbia and BW Epic Kosan. For the avoidance of doubt, this includes transfer the Vessel's Oil Companies International Marine Forum (OCIMF) Ship Inspection Report program (SIRE) and Offshore Vessel Inspection Database (OVID) to Columbia.

12. Plaintiffs and Claimant, as well as any of their Related Parties shall be enjoined from arresting or attaching the Vessel or seeking any other interim conservatory or detention measures against the Vessel in any jurisdiction or causing the Vessel to be so arrested, attached, detained or subjected to any such conservatory measures, pending further order of the Court.

13. "Related Parties" shall mean the relevant person's current and former equity holders (direct or indirect), owners (direct, indirect or beneficial), parents (direct or ultimate), subsidiaries (direct or indirect), affiliates, directors, managers, officers, advisory board members, employees, agents, representatives, servants, nominees, trustees, successors, predecessors, sellers, buyers, suppliers, insurers, subrogors, subrogees, assigns, advisors and other professionals.

14. Plaintiffs and Claimant, as well as their Related Parties, shall be enjoined from engaging, causing, or facilitating any other person in taking actions which Plaintiffs or Claimant and their Related Parties are enjoined from taking.

15. As a condition for release of the Vessel and at all times after the release, all charter hire payments, including fixed hire, variable hire, and any other payment amounts due to Camarada Uno S.A. pursuant to the relevant charterparty shall be timely and fully paid to Camarada Uno S.A. in accordance with the terms of the relevant charterparty. The parties shall provide full details and cooperation to Camarada Uno S.A. as necessary to facilitate issuance of invoices to the party or entity responsible for making timely payments to Camarada Uno S.A. pursuant to the relevant charterparty with Camarada Uno S.A. This Order does not alter or suspend any terms of that charterparty.

16. Within two business days of the issuance of this Order, Adam Spears shall cause to be filed on the docket a notice submitting himself to the jurisdiction of this Court for purposes of section 10 above of this Order.

17. In the event that Plaintiffs advance payment(s) for Vessel hire as described in sections 6 and 15 above, Plaintiffs shall be entitled to be reimbursed from the Vessel revenue account described above in section 8 for such advance payment(s) once such account contains sufficient funds.

18. Columbia is authorized to consider and approve independent and new insurance arrangements, including protection & indemnity insurance, hull & machinery insurance, and any other commercially reasonable insurance deemed necessary.

19. BW Epic Kosan shall be entitled to payment of a standard commercial commission to be paid from the Vessel revenue account described in section 8 above, subject to the terms of the relevant management agreement.

20. The Vessel shall not be authorized to leave the territorial jurisdiction of this Court until Plaintiffs have electronically filed a notice in this action containing a statement to the effect that "Plaintiffs confirm that BW Epic Kosan has been appointed as the independent commercial and financial manager, and BW Epic Kosan has advised that it is ready to carry out that role. Plaintiffs further confirms that Columbia has been appointed as the independent technical manager. Columbia has also advised that it is ready to carry out its role with the officers and crew it has appointed, or retained, being aboard and with arrangements taken or made for repatriation of any former officers or crew." The filing of the aforementioned document shall result in National Maritime Services, Inc. ceasing to be the court-appointed custodian of the Vessel as of the time of such filing.

21. ShipTech LLC as an independent ship inspection company shall be authorized to conduct a general inspection of the Vessel which shall include an inspection of the Vessel's shipboard documentation and its databases and to take back-up of such documentation and files in order to ensure safe preservation of those documents and databases and continued administrative access prior to the performance by Columbia or an entity affiliated with it of their functions as an independent court appointed technical manager. This inspection shall be carried out as soon as ShipTech LLC is available to do so upon issuance of this Order.

22. OBJECTIONS AND MOTIONS TO STAY. Any motion to stay the release of the Vessel shall be filed on or before **Monday, June 23, 2025.** Any objections to this Order shall be filed **within 14 days** of today's date. United States District Judge David S. Morales may decide to expedite the briefing on any objections. In the event a motion to stay the release of the Vessel is filed, the Vessel shall not be released until Judge Morales rules on the motion to stay and any objections or otherwise rules that the Vessel shall be released.

ORDERED on June 20, 2025.

_____
MITCHEL NEUROCK
United States Magistrate Judge