UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **ITHAKI GAS SHIPPING COMPANY, ELETSON CORPORATION, ELETSON HOLDINGS, INC, ELETSON GAS LLC,** § § § § § *Plaintiffs*, § § v. § § **M/V ITHACKI (IMO 9788966),** her engines, tackle, equipment, and appurtenances, *in rem*, § § § § and § § **FAMILY UNITY TRUST COMPANY, GLAFKOS TRUST COMPANY, LASSIA INVESTMENT COMPANY, ELAFONISSOS SHIPPING CORPORATION, KEROS SHIPPING CORPORATION, LASKARINA KARASTAMATI, VASSILIS E. KERTSIKOFF, VASILEIOS CHATZIELEFTHERIADIS, KONSTANTINOS CHATZIELEFTHERIADIS, IOANNIS ZILAKOS, ELENI KARASTAMATI, PANAGIOTIS KONSTANTARAS, EMMANOUIL ANDREOULAKIS, ELENI VANDOROU,** *in personam*, § § § § § § § § § § § § § § § *Defendants*. § | C.A. No. 6:25-cv-00016<br><br>In Admiralty, Rule 9(h) |

**PLAINTIFFS' MOTION TO VACATE**

Plaintiffs Ithaki Gas Shipping Company ("Ithaki Gas"), Eletson Holdings, Inc. ("Eletson Holdings"), Eletson Corporation ("Eletson Corp"), and Eletson Gas LLC ("Eletson Gas") (jointly "Plaintiffs") submit this motion to vacate the order of the arrest of the MV ITHACKI ("the Vessel"), Dkt. 5 ("Arrest Order"), and the order releasing the Vessel, Dkt. 48 ("Release Order").

## LEGAL STANDARD

"Rule 54(b) [of the Federal Rules of Civil Procedure] allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting FED. R. CIV. P. 54(b)); *see id.* ("Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." (internal quotation marks and citations omitted)).

## ARGUMENT

The Court should vacate its two interlocutory orders issued in this case, (1) the March 10, 2025 Arrest Order; and (2) the June 20, 2025 Release Order.

### I. A Change of Ownership of the Vessel Renders the Basis for this Arrest Moot

Put simply, a material change in factual circumstances—the change of ownership of the Vessel—renders the underlying predicate for the arrest of the Vessel moot. In their motion to arrest, Plaintiffs argued their right to possess the Vessel based upon the time charter between Plaintiff Kithira Gas and Camarada Uno S.A., the prior owner of the Vessel. *See* Mot. to Arrest (Dkt. 2) at 7 ("Plaintiff Ithaki Gas, being styled as a charterer of the Vessel under a time charterparty dated March 1, 2022 with Camarada Uno S.A. (the "Time Charter"), has sufficient legal title to bring the action under Supplemental Rule D in the present case"); ("Plaintiff Ithaki Gas has sufficient legal title to assert claims under Rule D, because the Time Charter is a concealed security for a finance transaction."). However, on August 28, 2025, the ownership of the Vessel

changed. *See* Equasis Printout (attached hereto Ex. A).[1] Because of this change in ownership, the previous time charter between Plaintiff Ithaki Gas and the Vessel's prior owners can no longer form a basis for the arrest. Without that underlying contract, the basis for the arrest is now moot.

## II. The Conference with Claimant's Counsel is No Impediment to Immediately Deciding this Motion

Pursuant to Local Civil Rule 7.1, counsel for Plaintiffs sought Claimant's position on this motion through its counsel.[2] Claimant's counsel stated, "We have ceased advocating for the Claimants, and we will not be advocating for them regarding your upcoming Motion." E-mail (Sept. 3, 2025) (attached hereto as Ex. B).[3] Claimant's counsel's comment underlines that this Court should immediately grant this motion.

As noted in Plaintiffs' response to Claimant's counsel's motion to withdraw, Claimant—whatever it may be—is not Plaintiff Ithaki Gas Shipping Company. In its Notice of Restricted Appearance, Claimant alleges it is "Ithaki Gas Shipping Company, on the authority of its lawful directors." (Dkt. 24) at 1. In support of Claimant's purported statement of right or interest, Laskarina Karastamati asserted she was "a member of the board of directors of Ithaki Gas Shipping Company," and submitted a verification to this Court, attesting that she had the authority to execute the verification and the statement of right or interest was true and correct. (Dkt. 24-1). Yet, Ms.

---

[1] Equasis is "an information system which collates existing safety-related information on ships from both public and private sources" developed by the European Commission and the French Maritime Administration. *See* Equasis, *Overview* (available at https://www.equasis.org/EquasisWeb/public/About?fs=HomePage&P_ABOUT=Main Concern.html) (last visited Sept. 3, 2025).

[2] Plaintiffs acknowledge that Claimant's counsel are currently seeking to withdraw from further representation of Claimant in this action and others, but as that withdrawal order is not yet entered, conferred with Claimant's counsel in an abundance of caution.

[3] Claimant's counsel cannot have it both ways—to purportedly no longer advocate for Claimant, yet still argue before the Court. *Id*. ("However, we do intend to point out to the SDTX Courts, without advocating any position, that, per their previous opinions, the issue of who will ultimately control/own the Preferred Shares of Eletson Gas is yet to be decided by the NY Courts."). If Claimant's counsel no longer can represent a party in this action, then Claimant's counsel acts for no one, and thus lacks standing before the Court.

Karastamati had no such authority because, upon the Effective Date of the approved Chapter 11 Plan for Eletson Holdings, all property in Plaintiff Eletson Holdings' estate, "including interests held by [Eletson Holdings] in [its] respective non-Debtor direct and indirect subsidiaries and Affiliates" automatically vested in Eletson Holdings, pursuant to the Chapter 11 Plan and Confirmation Order. Compl., Ex. 5, Plan (Dkt. 1-5) at § 5.2(c); *see id.*, Ex. 3, Confirmation Order (Dkt. 1-4).

Moreover, upon the Effective Date, the former shareholders, directors, and officers of Eletson Holdings ("Old Eletson")—who have been removed from their roles at Eletson Holdings, Eletson Corp, Eletson Gas, and Ithaki Gas, and who appear to be some, or all, of the persons instructing Claimant's Counsel in this action—were automatically: (i) divested of their equity in Eletson Holdings, (*see* Plan (Dkt. 1-5) § 5.4); and, (ii) deemed to have resigned from their positions as officers and directors of Eletson Holdings. *Id.* at § 5.10(c). Thus, the Old Eletson individuals and entities have no legal interest in Plaintiff Eletson Holdings, or any of its subsidiaries, including Plaintiff Ithaki Gas. With respect to Plaintiff Ithaki Gas specifically, following the Effective Date, its former board members, including Defendant Laskarina Karastamati (the individual who signed the verification on behalf of Claimant), were removed. *See* Compl., Ex. 11, Action of Ithaki Gas (Dkt. 1-11). Mr. Leonard J. Hoskinson was then appointed as the sole director of Plaintiff Ithaki Gas. *Id.* If Claimant's filings were made at the instruction of any of the other Old Eletson individuals or entities (including to the extent they were directors or officers in Plaintiff Ithaki Gas prior to the changes flowing from the Chapter 11 Plan), they similarly have no authority to act on behalf of Plaintiff Ithaki Gas. *See In re Eletson Holdings Inc.*, No. 23-br-10322, Order (Dkt. 1759) (Bankr. S.D.N.Y. Aug. 1, 2025).

The foregoing culminates in the fact that Claimant "on the authority of its lawful board of directors" and/or "acting under the ultimate authority of the Cypriot Nominees," (*see* Mot. to Vacate (Dkt. 29) at 3 n.3), does not exist in the way that Claimant's Counsel's motion purports to assert. As noted above, in accordance with the Chapter 11 Plan and Confirmation Order, Mr. Leonard J. Hoskinson was lawfully appointed the *sole* director of Ithaki Gas on December 2, 2024. (Dkt. 1-11).

Further, Claimant, which will soon be without counsel, can no longer appear before this Court. Corporations, "which are fictional legal persons, obviously cannot appear for themselves personally." *Southwest Exp. Co., Inc. v. I.C.C.*, 670 F.2d 53, 55 (5th Cir.1982). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). Even assuming Claimant could proceed under a theory that it can continue hold out itself out as Ithaki Gas, Claimant's counsel provides no indication that Claimant has substitute counsel, or Claimant is seeking substitute counsel. (Dkt. 106) at 4. Indeed, the circumstances underlying Claimant's counsel's need to withdraw make clear that there is no reasonable prospect that any counsel would be willing to enter an appearance on behalf of Claimant.

Lastly, Claimant can offer no good faith basis to oppose the motion. As noted above, the ownership of the Vessel has changed. As such, the Court should consider this motion as unopposed.

## CONCLUSION AND PRAYER

Therefore, for the reasons discussed above, the Court should immediately vacate its Arrest Order and Release Order, and grant Plaintiffs all other relief to which they may be entitled.

Dated: September 3, 2025

Respectfully submitted,

**FLOYD ZADKOVICH (US) LLP**

By: */s/ Edward W. Floyd* _____
Edward W. Floyd
NY Bar No.: 4392940
*Admitted pro hac vice*
Luke F. Zadkovich
NY Bar No.: 5514096
*Admitted pro hac vice*
Filipp A. Vagin
NY Bar No.: 5901467
*Admitted pro hac vice*
luke.zadkovich@floydzad.com
ed.floyd@floydzad.com
philip.vagin@floydzad.com
(917) 868 1245
(917) 999 6914
33 East 33rd Street, Suite 905
New York, NY, 10016

**ATTORNEY FOR PLAINTIFFS**

**OF COUNSEL**
**PHELPS DUNBAR LLP**
Ivan M. Rodriguez
Texas Bar No.: 24058977
SDTX ID: 45566982
Andrew R. Nash
Texas Bar No.: 24083550
SDTX ID: 1690806
Kenderick M. Jordan
SDTX ID: 3905171
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: ivan.rodriguez@phelps.com

andy.nash@phelps.com
kenderick.jordan@phelps.com

## **CERTIFICATE OF CONFERENCE**

I certify that counsel for Plaintiffs discussed the relief sought in this motion with Claimant's counsel via email on September 2 and 3, 2025. The outcome of that conference is addressed in the body of the motion above and as Exhibit B to the motion.

 */s/ Andrew R. Nash*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served on all known counsel of record on September 3, 2025.

 */s/ Andrew R. Nash*